IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

LANCE MCCASLIN,

       Plaintiff,

v.

                              2:23-CV-200-Z-BQ

BENJAMIN ELMORE and
JOSHUA GARZA,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss the Original Complaint ("Original Motion") (ECF No. 9) and Motion to Dismiss Plaintiff's Amended Complaint ("MTD") (ECF No. 22). The Original Motion is **DENIED** as **MOOT** because Plaintiff amended his complaint. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) ("[T]he general rule [is] that an amended complaint . . . supersedes the original and renders it of no legal effect . . . .").

The MTD is also **DENIED**. That said, Defendants have not forfeited their qualified immunity ("QI") defense. They may move the Court for limited discovery on QI and raise the defense again at the summary judgment stage. *See* Analysis, Section III, *infra*.

### BACKGROUND

Plaintiff alleges a Section 1983 "excessive force" claim in violation of his Fourth Amendment rights against Defendant police officers. ECF No. 20 at ¶¶ 11–18. Plaintiff specifically claims "physical and mental injuries" because Defendants tased his leg. *Id.* at ¶¶ 8–9. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting QI. *See generally* ECF No. 23.

The Amended Complaint alleges the following: Plaintiff "was driving to his work at the Post Office" while his wife followed behind. ECF No. 20 at ¶¶ 1–2. Meanwhile, a deputy pulled behind Plaintiff's wife but not Plaintiff. *Id.* at ¶ 3. Plaintiff proceeded to the post office, where he found "numerous other officers, including the Defendants . . . in the parking lot." *Id.* at ¶ 4. Then "Plaintiff stopped his vehicle, and multiple officers approached him, with their pistols drawn and pointed at Plaintiff." *Id.* at ¶ 5. "Suddenly and without warning, numerous officers forcefully extracted Plaintiff from his vehicle." *Id.* at ¶ 6. Defendants then "used [their] taser[s] on Plaintiff's leg despite [the fact] that Plaintiff was not resisting and attempting to ascertain and comply with the officers' orders." *Id.* at ¶ 7.

### LEGAL STANDARD

### I.     The Fifth Circuit views Rule 12(b)(6) motions with disfavor.

Defendants move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts should "construe facts in the light most favorable to the nonmoving party" — here, Plaintiff — "as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### II.     Body camera footage is not properly before the Court at this stage.

Defendants urge the Court to consider police body camera footage neither referenced in nor attached to the Amended Complaint. ECF No. 23 at 13–14 (citing, *inter alia*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (holding that courts may consider "other

sources courts ordinarily examine . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")); *see Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding the same).

"While Plaintiff did not attach these videos to his Amended Complaint," Defendants argue, "he specifically references the events illustrated in the first 30 seconds of . . . [the] body-worn camera footage and references events depicted in both videos throughout his Amended Complaint." ECF No. 23 at 13. "Therefore," they conclude, "the arrest footage captured by Officer Elmore and Officer Garza's body-worn cameras is properly before the Court." *Id.* at 14.

No it is not. The Amended Complaint does not mention, reference, attach, or otherwise allude to the footage. Hence, it is not the kind of evidence the Supreme Court permits at the Rule 12(b)(6) stage. *See Tellabs, Inc.*, 551 U.S. at 322 (requiring the *complaint* to refer to or otherwise attach documents). Defendants' novel theory would instead introduce documents *logically related to* the pleadings; such a construction, aside from being difficult to tame, would impermissibly invite summary judgment analysis at the MTD stage.

The MTD is also an improper vehicle for introducing the footage. Only once has the Fifth Circuit considered documents attached to a motion to dismiss but not to the pleadings. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). But even there, "the Court restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan*, 343 F.3d at 536 (citing *Collins*, 224 F.3d at 498–99). Because the Amended Complaint makes no reference to the footage, as noted *supra*, the MTD cannot provide a separate basis for introducing it.

In summary, the Court will review only the Amended Complaint to evaluate Plaintiff's Section 1983 claim and Defendants' QI defense.

3

ANALYSIS

Plaintiff alleges that Defendants are liable under Section 1983 based on a Fourth Amendment "excessive force" theory. ECF No. 20 at 2–3. Defendants assert QI in response. ECF No. 23 at 8–16. Once Defendants raise QI, "the plaintiff has the burden of demonstrating that (1) the official violated a statutory or constitutional right, and (2) the right was 'clearly established' at the time." *McClelland v. Katy Ind. Sch. Dist.*, 63 F.4th 996, 1005 (5th Cir. 2023) (quotation marks omitted).

**I.       Plaintiff adequately alleges a constitutional violation — excessive force.**

"To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that []he was seized." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)). "Next []he must show that []he suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores*, 381 F.3d at 396. Defendants contest each element except seizure.

**A.       Plaintiff alleged a satisfactory injury.**

The Amended Complaint must allege at least "some injury." *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir. 1996). And that injury must be more than *de minimis*. *See Flores*, 381 F.3d at 397–98 (explaining that "certain injuries are so slight that they will never satisfy the injury element"). The Fifth Circuit requires courts to consider "the context in which the injury occurs." *Ikerd*, 101 F.3d at 434. Here, Plaintiff alleges that he was "forcefully extracted . . . from his vehicle," was tased on the leg despite "not resisting," and "suffered physical and mental injuries from Defendants' tasings." ECF No. 20 at ¶¶ 6–9.

4

Defendants argue these alleged injuries are *de minimis*. ECF No. 23 at 9. They specifically invoke *Buchanan v. Gulfport Police Dept.*, where the Fifth Circuit held that a thrice-tased plaintiff failed to establish a cognizable injury. 530 Fed. Appx. 307, 314 (5th Cir. 2013).

But "the amount of injury required to prevail in an excessive force action depends on the context in which the injury occurs." *Ikerd*, 101 F.3d at 434. And the difference between *Buchanan* and the Amended Complaint is active versus passive resistance. In *Buchanan*, the plaintiff failed to comply with multiple officer warnings and was not subdued by the tasing — he twice removed the taser leads from his body, picked up a bat, and charged at the officer. *Buchanan*, 530 Fed. Appx. at 313–314. The Amended Complaint, by contrast, provides that "suddenly and without warning," multiple officers approached Plaintiff with pistols drawn, forcefully extracted him from his vehicle, and then tased him on the leg — all while Plaintiff attempted to comply without resistance. ECF No. 20 at ¶¶ 5–7.

Plaintiff's alleged injuries more closely parallel — if not surpass — the purely psychological injuries in *Flores*. There, the Fifth Circuit found an injury where plaintiff's car was shot once, and she suffered only psychological injuries. *Flores*, 381 F.3d at 394, 397–98. Plaintiff here alleges both physical and mental injuries, and given the context discussed above, that is sufficient to satisfy the injury element.

### B.   The alleged force was unreasonable under the circumstances.

Defendants claim that "[b]ecause Plaintiff alleges he was tased, he must state facts allowing the Court to determine whether officers faced active resistance" under the reasonability element. ECF No. 23 at 10 (citing *Cloud v. Stone*, 993 F.3d 379, 384 (5th Cir. 2021) (explaining that "a suspect's active resistance to arrest may justify [tasing]")).

Plaintiff plainly alleged he was "not resisting" the officers, ECF No. 20 at ¶ 7, so Defendants' assertion is puzzling. And the Fifth Circuit is clear that tasing without resistance is "excessive force." *See Cloud*, 993 F.3d at 385 ("By contrast, we have found excessive force when officers tased someone offering only passive resistance or no resistance at all."). Taking the facts alleged in the Amended Complaint as true — as *Iqbal* requires — there is little question that the alleged force was unreasonable.

### C. The tasings caused Plaintiff's alleged physical and mental injuries.

Defendants tangentially challenge causation. They claim that "Plaintiff alleges without detail that he suffered physical and mental injuries from Defendants' tasings but does not state a claim that his injuries were caused by excessive force . . . ." ECF No. 23 at 11. But Plaintiff clearly alleges causation. *See* ECF No. 20 at ¶ 9 ("MCCASLIN suffered physical and mental injuries from Defendants' tasings."). Plaintiff satisfied this element, too.

### II. The right not to be tased was "clearly established" on December 11, 2021.

To satisfy the second QI prong, Plaintiff must demonstrate that the right was "clearly established" at the time of the violation. *Newman v. Guedry*, 703 F.3d 757, 763 (5th Cir. 2012). "[T]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Plaintiff has a "right to be free from excessive force during an investigatory stop or arrest." *Newman*, 703 F.3d at 763. And the right to be free from tasing was clearly established as early as 2012, especially when the plaintiff "committed no crime, posed no threat to anyone's safety, and did not resist the officers or fail to comply with a command" — as the Amended Complaint alleges here. *Id.* Under these parallel circumstances, "the officers' conduct was objectively unreasonable in light of clearly established law at the time of the [tasings]." *Id.* at 764.

In summary, Plaintiff's right to not be tased was "clearly established" by December 11, 2021. *See* ECF No. 20 at ¶ 1 (date of the tasings). The facts alleged in the Amended Complaint, therefore, are sufficient to overcome both prongs of the QI analysis.

## III.  Defendants may still pursue limited QI discovery and reassert that defense at summary judgment.

But the analysis isn't over. "[A] defendant's entitlement to qualified immunity must be determined 'at the earliest possible stage of the litigation.'" *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam)). "That's because qualified immunity is more than 'a mere defense to liability.'" *Camp*, 54 F.4th at 310 (quoting *Pearson v. Calahan*, 555 U.S. 223, 237 (2009)). "It's also an immunity from suit." *Camp*, 54 F.4th at 310 (quotation marks omitted). "And one of the most important benefits of [QI] is 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.'" *Id.* (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

To ensure that QI can be decided at the earliest possible time, the Fifth Circuit has authorized "discovery narrowly tailored to rule on [defendants'] immunity claims." *Backe*, 691 F.3d at 649; *see Lion Boulos v. Wilson*, 834 F.2d 504, 508–509 (5th Cir. 1987) (first articulating this limited discovery procedure). Limited QI discovery is "a careful procedure." *Zapata v. Melson*, 750 F.3d 481, 484 (5th Cir. 2014).

This "careful procedure" doesn't permit a deferred MTD ruling simply because additional discovery would resolve the QI issue. *Camp*, 54 F.4th at 312. Instead, if "the pleadings are sufficient to overcome QI," as is the case here, "the district court *must* deny the motion to dismiss without the benefit of pre-dismissal discovery." *Id.* (emphasis original). That's because "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation—full stop." *Id.* (quotation marks omitted).

7

QI isn't lost to Defendants, though. They may still "move the district court for discovery limited to the factual disputes relevant to whether QI applies, then reassert QI in a summary judgment motion." *Id.*; *see Hutcheson v. Dallas Cty.*, 994 F.3d 477, 481 (5th Cir. 2021) ("Before limited discovery is permitted, a plaintiff seeking to overcome QI must assert facts that, if true, would overcome that defense."). "Why does the defendant alone enjoy this choice?" *Camp*, 54 F.4th at 312. "Because only the defendant-official enjoys qualified immunity from suit." *Id.* (citing *Iqbal*, 556 U.S. at 685).

CONCLUSION

Defendants' MTD is **DENIED**, but they have not forfeited their QI defense. They may still move the Court for limited discovery on QI and raise the defense again at the summary judgment stage.

**SO ORDERED**.

April **26**, 2024

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

8